DUDLEY, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE, *v.* MORRIS; LENNOX INDUSTRIES, INC., APPELLANT, ET AL., APPELLEE.

[Cite as Dudley, Admr., v. Morris, 10 Ohio St. 2d 235.]

(No. 40399—Decided May 31, 1967.)

236

[REDACTED]

*Mr. William B. Saxbe,* attorney general, *Mr. Bernard L. Heffernan* and *Mr. Charles W. Waterfield,* for plaintiff-appellee.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. James P. Kennedy* and *Mr. Roger A. Yurchuck,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. C. Richard Gregg,* for defendant-appellee, Board of Review, Bureau of Unemployment Compensation.

MATTHIAS, J. The question raised by this appeal is whether an employee who is laid off pursuant to a labor-management contract, which provides for paid vacations for those employees with the requisite seniority, can receive benefits under the Unemployment Compensation Act, Section 4141.01 *et seq.,* Revised Code, because he does not possess the seniority required for a paid vacation.

The principal arguments made in support of the conten-

tion that claimant is ineligible for benefits under the Unemployment Compensation Act stem from the much cited but unreported case of *Cambridge Glass Co.* v. *Bureau of Unemployment Compensation* (Court of Appeals for Guernsey County, case No. 356, 1953). Briefly stated, that case holds that the labor-management contract provides for vacation time and vacation pay for those employees with the requisite seniority, that this contract is the *voluntary* act of each member of the union, and that the contract is the controlling factor in any dispute arising over the allocation of vacation time and vacation pay. Stated another way, it holds that, since both labor and management are absolutely bound by the contract, the provisions of any layoff during this period are controlled solely by that agreement. It holds further that, since the period of unemployment is voluntary in that it was negotiated by the union of which claimant is a member, claimant cannot now claim benefits; for Section 4141.29, Revised Code, allows benefits only for involuntary unemployment.

During the same period that the *Cambridge Glass Co. case* was decided, this court held in *Reid* v. *Board of Review,* 155 Ohio St. 6, that a claimant who was on a paid vacation was in effect still employed and, therefore, ineligible to receive benefits under the Unemployment Compensation Act.

Thus, the employer, Lennox, argues that the *Reid case* would preclude a claimant on a paid vacation from receiving benefits, and that the *Cambridge Glass Co. case* precludes a claimant laid off without pay pursuant to a labor-management contract from receiving benefits. However, those cases were decided in the early 1950's at a time when the Unemployment Compensation Act made no reference to vacations, paid or unpaid. Therefore, we must turn to the Revised Code to determine whether later amendments enacted by the General Assembly have nullified those cases.

No one contends that claimant is not "totally unemployed" as definied in Section 4141.01 (M), for during the time that the plant was closed he performed no services and received no remuneration. Therefore, if claimant follows the procedure outline in Section 4141.28, Revised Code, he will be eligible for benefits under Section 4141.29 (B), Revised Code, unless he is,

as Lennox contends, voluntarily unemployed pursuant to a labor-management contract.

In 1959, Section 4141.31, Revised Code, was amended (128 Ohio Laws 1308, 1329) and, effective October 16, 1959, read in pertinent part:

"(B) Benefits payable for any week shall not be reduced by the amount of remuneration a claimant receives with respect to such week in any of the following forms:

"'* * *

"(2) Vacation pay or allowance paid to an individual with respect to weeks of unemployment during which he is unemployed for reasons other than being on 'vacation'; *provided further, if the individual is otherwise eligible, the payment of any weekly benefits shall not be prohibited for weeks of unemployment caused by such individual being required, by his employer or the terms of a labor-management contract or agreement, to accept a vacation without pay.*" (Emphasis added.)

This amendment for the first time directly brought the Unemployment Compensation Act to bear upon the vacation provisions of labor-management contracts. It is directed at the precise question now before this court and clearly indicates that the General Assembly did not consider an employee in claimant's position as voluntarily unemployed. Nor does the decision of this court interpreting the 1959 amendment *(Nunamaker* v. *United States Steel Corp.* [1965], 2 Ohio St. 2d 55) as precluding a claimant from receiving benefits while on vacation conflict with the case at hand, for that claimant voluntarily accepted a vacation *with pay.* The statute as in effect at that time applied only to vacations without pay.

Section 4141.31, Revised Code, was again amended in 1963 (130 Ohio Laws 978). As amended, that section reads, in pertinent part:

"(A) Benefits otherwise payable for any week shall be reduced by the amount of remuneration a claimant receives with respect to such week as follows:

"'* * *

"(7) *Vacation pay or allowance payable under the terms of a labor-management contract or agreement, or other contract*

*of hire, which payments are allocated to designated weeks
* * *."* (Emphasis added.)

Thus, the General Assembly has twice (in 1959 and again in 1963) indicated that benefits may not be denied a claimant by reason of labor-management contracts where statute provides otherwise. In short, the Revised Code takes precedence over labor-management contracts. The 1959 amendment was obviously enacted to override the *Cambridge Glass Co. case* for it provides that an employee required to accept a vacation without pay due to "the terms of a labor-management contract" may receive benefits. However, the 1963 amendment goes even further. Section 4141.31 (A) (7), *supra,* clearly provides that vacation pay which is allocated to designated weeks by the employer must not fall below the benefits to which a claimant would be entitled if he were laid off without pay, or such claimant is entitled to such unemployment compensation as will raise his total remuneration to the level of the unemployment benefits to which he would otherwise be entitled.

In conclusion we hold that where an employer pursuant to a labor-management contract allocates the vacations of his employees, a claimant who finds himself on an enforced vacation without pay is involuntarily and totally unemployed for the duration of such "vacation" and shall receive benefits provided in the Unemployment Compensation Act, Sections 4141.-01 to 4141.46, inclusive, of the Revised Code.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ. concur.