CAUDILL, APPELLANT, *v.* ASHLAND OIL CO. ET AL., APPELLEES.

(No. 83-CV-0264—Decided September 2, 1983.)

Court of Common Pleas of Clermont County.

*Mr. Philip J. Blomer,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard H. Lippert,* for appellee Ohio Bureau of Employment Services.

RINGLAND, J. The record and transcript filed indicate that plaintiff-appellant, Lenora C. Caudill, had worked for Direct Marketing Division of Ashland Oil Co. where she was employed as an assistant manager at a gas station, described as "Unit 1274." Because her hours conflicted with her home life she stated to her employer, on or about June 1, 1982, that she could not continue working under the circumstances and gave her employer two weeks notice of her quitting. The employer immediately made other arrangements for another individual to replace appellant as a result of her notice and appellant was aware of this situation. Appellant, however, between June 7 and June 10, uncontrovertedly notified her employer that she had changed her mind and that she wished to remain with the employer. The employer, according to the evidence, accepted her reaffirmation and made arrangements shortly thereafter to see that she was employed in the same capacity as an assistant manager in another service station, described as "Unit 2592." Before being replaced at her old service station, appellant remained in her position for six to seven weeks until her replacement arrived; she did this at the request of her employer. The employer requested that appellant take off two weeks until the new position at Unit 2592 would be available, to which appellant agreed. After a two-week period of no employment, during which appellant applied for unemployment, she began working at the other station and continued to work there for one month, after which she was terminated by the area supervisor. She again applied for unemployment compensation and the application, being contested by employer, was heard at all the various and appropriate administrative levels.

After the hearing before the referee of the Board of Review, Ohio Bureau of Employment Services, a decision was issued on December 17, 1982, affirming the administrator's decision on reconsideration which found that the appellant was terminated by her employer at Unit 2592 without just cause in connection with work and no disqualification was imposed by reason of the separation. The referee, however, also held that appellant's reason for separation from Unit 1274 was a quitting without just cause and denied her benefits during that period. From this decision the appellant has appealed.

In his findings of fact the referee found that the claimant had attempted to revoke her notice of quitting; implicit in

his findings was that her revocation of the notice of quitting was not accepted. However, the facts indicate, through the actions of Ashland Oil Co., that it indeed accepted her revocation of notice of quitting and continued to employ her not only on her job until a replacement could be had, but also to see that she was reassigned to a different position. The facts indicate that Ashland Oil Co., after accepting Caudill's revocation of quitting, reassigned her to a new position. However, because the position was not readily available, Ashland Oil Co. required appellant to take two weeks off between working at Unit 1274 and Unit 2592.

The fact that an employee accepts the decision or request of the employer does not convert his termination into a "quitting." *Ferrelli* v. *Leach* (C.P. 1962), 89 Ohio Law Abs. 545. The appellant had no choice but to accept the arrangements of the employer, assuming this was a termination or a layoff as Caudill claims. The word "quit" as contained in Ohio law connotes a voluntary act not controlled by the employer. *Ferrelli, supra,* at 559. The employer had taken the employee back after her initial notice to quit and had rescinded her quitting by its very act and offer to relocate her. The employer controlled when and where the employee was going to work next. Certainly under the definition of "quit," the employee-plaintiff did not quit but was merely furloughed or "laid off." An employee who was not entitled to time off with pay and is laid off for a two-week period suffers "involuntary unemployment" as defined in R.C. 4141.01 *et seq. Dudley* v. *Morris* (1966), 6 Ohio App. 2d 187, at 190-191 [35 O.O.2d 349]. To hold that the employer agreed to the layoff and therefore it was voluntary would "undermine the statutory prohibition [R.C. 4141.32] on agreements to waive or release, and therefore the entire unemployment compensation program." *Dudley, supra,* at 191. Further an "agreement" to be furloughed or laid off for two weeks is not a voluntary one considering the disparity of rights and powers between employer and employee: "It takes no historian to recognize that in many industries the economic disparity between the employer and an individual employee or job seeker is so great that bargaining would be one-sided." *Id.* at 190-191. In any event Caudill did not quit and her termination was "involuntary unemployment."

Admittedly this decision calls for liberal interpretation of terms, particularly "quit" and "involuntary unemployment." However, R.C. 4141.46 requires a liberal construction of those terms. Liberal construction has been interpreted as being in favor of the applicant. See *Vespremi* v. *Giles* (1980), 68 Ohio App. 2d 91 [22 O.O.3d 102].

Therefore the court finds that appellant did revoke her quitting; and that the finding by the referee that the employee quit for two weeks without just cause is against the manifest weight of the evidence and contrary to law.

Therefore the appeal and complaint of plaintiff-appellant is found to be well-taken and hereby is granted.

*Judgment accordingly.*