CARTER, Appellant.

v.

**UNIVERSITY OF TOLEDO, et al., Appellees.**

2007-Ohio-6753.]

Court of Common Pleas of Ohio,
Lucas County.

No. CI06–7421.

Decided July 2, 2007.

James E. Carlisle, for appellant.

Truman A. Greenwood, for appellee University of Toledo.

Yvonne T. Pollex, for appellee Director of Job and Family Services.

LINDA J. JENNINGS, Judge.

{¶ 1} In this administrative appeal under R.C. 4141.282, appellant Wanda D. Carter asks the court to reverse a final decision (Decision Disallowing Request for Review) made by the Ohio Unemployment Compensation Review Commission.

{¶ 2} In the decision under review, the review commission disallowed Carter's request for review of its hearing officer's decision reversing the redetermination of benefits issued by appellee director of the Ohio Department of Job and Family Services ("ODJFS").

{¶ 3} The director's redetermination had affirmed ODJFS's initial determination allowing Carter's claim for unemployment benefits, finding that appellee University of Toledo ("UT") had discharged Carter without just cause.

{¶ 4} The hearing officer found that UT had discharged Carter for just cause and that Carter had received unemployment benefits to which she was not entitled. The hearing officer also ordered Carter to repay those benefits ($8,606) to ODJFS.

{¶ 5} Having reviewed the certified administrative record and the briefs filed by Carter and the director,[1] the court finds that the review commission's Decision Disallowing Request for Review and the hearing officer's decision are against the manifest weight of the evidence and therefore reverses and/or vacates them.

## Basic Facts and Procedural History

{¶ 6} Carter worked for UT as a benefits specialist from August 20, 2001, until November 14, 2005. As a benefits specialist, Carter's duties included training new hires, processing enrollment forms, providing customer service, entering benefits data for payroll purposes, and processing life insurance.

{¶ 7} Prior to December 2004, Carter reported to Henry Marshall and received satisfactory performance appraisals, although some areas were noted as "improvement areas."

{¶ 8} In December 2004, Carter began reporting to Deithra Glaze, the director of benefits. In July 2005, at the time of her annual review, Glaze advised Carter of several areas in which her work was deficient and placed her on a detailed 90–day "Performance Improvement Plan" ("PIP") in accordance with UT's Performance Management Plan.

{¶ 9} On November 14, 2005, UT terminated Carter for failing to improve her performance to a level that met the expectations stated in the PIP or to offer any explanation warranting further investigation.

{¶ 10} Carter promptly applied for unemployment compensation benefits.

{¶ 11} On December 5, 2005, ODJFS's Office of Unemployment Compensation Benefits issued an initial determination of unemployment compensation benefits, finding that Carter had been discharged without cause in connection with work and was eligible for unemployment benefits, beginning November 13, 2005, because UT did not provide evidence that Carter did not perform the required work.[2] UT appealed.

---

1. On April 18, 2007, the court extended appellees' deadline for filing briefs until May 18, 2007. The director filed his brief on April 25, 2007, but UT never filed a brief.

2. {¶ a} ODJFS concluded:

   {¶ b} "The claimant was discharged by University of Toledo on 11/14/2005. The employer discharged the claimant because he/she was not able to perform the required work. An individual discharged for this reason may be found at fault and, therefore, discharged for just cause if each of the following conditions has been met: 1. The individual did not perform the required work; 2. The employer made known its expectations of the individual at the time of hire; 3. The expectations were reasonable; and 4. The requirements of the job did not change since the date of hire for that particular position. In this specific case, evidence has not been submitted to establish that the claimant did not perform the required work. Ohio's legal standard that determines if a discharge is without just cause is whether the claimant's acts,

{¶ 12} On February 1, 2006, the director issued a director's redetermination affirming ODJFS's initial determination.

{¶ 13} UT's appeal of the director's redetermination resulted in a transfer of jurisdiction to the review commission and a September 15, 2006 hearing before Hearing Officer Nadine Pettiford. The sole issue for Pettiford's determination was whether UT had discharged Carter for just cause in connection with work.

{¶ 14} Carter had representation (by Early Murry, Ph.D., of Murry & Associates Consulting, Inc.) at the hearing and offered testimony on her own behalf.

{¶ 15} UT also had representation (by attorney Carl Habekost) at the hearing and presented testimony from Glaze and Matt Dills, UT's director of compensation and employment services.

{¶ 16} In a decision mailed September 26, 2006, Pettiford held that Carter had been separated from her employment under disqualifying conditions because UT had discharged her for just cause in connection with work.

{¶ 17} In so holding, Pettiford reasoned that the credible record evidence demonstrated that Carter failed to exhibit satisfactory work performance and was given an opportunity to improve her performance, with her supervisor's assistance, but failed to do so, and that Carter's failure to improve her performance constituted sufficient fault and wrongdoing to justify her discharge.

{¶ 18} Pettiford also held that Carter received unemployment benefits totaling $8,606 to which she was not entitled and ordered Carter to repay that amount to ODJFS.

{¶ 19} The commission's disallowance of Carter's request for review of Pettiford's decision, without further hearing,[3] prompted her appeal to this court.

## Legal Standards Governing Carter's Administrative Appeal

### 1. The scope of the court's review is limited.

{¶ 20} R.C. 4141.282 requires the court to base its review on the certified record provided by the review commission and to affirm the commission's decisions unless they were unlawful, unreasonable, or against the manifest weight of the evidence.[4] If the decisions were unlawful, unreasonable, or against

---

omissions, or course of conduct were such that an ordinary person would find the discharge not justifiable. After a review of the facts, this agency finds that the claimant was discharged without just cause under Section 4141.29(D)(2)(a) of the Ohio Revised Code."

3. See Decision Disallowing Request for Review, mailed November 2, 2006.

4. See, also, *Tzangas, Plakas, & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207; *Irvine v. Unemp. Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 17–18, 19

**84**

the manifest weight of the evidence, R.C. 4141.282 authorizes the court to reverse, vacate, or modify the decisions or to remand the matter to the commission.[5]

{¶ 21} The scope of the court's review, however, is extremely limited,[6] and the court should defer to the determinations of the commission and its hearing officers with respect to factual matters, the credibility of witnesses, and the weight of conflicting evidence.[7] As a reviewing court, the court may not make factual findings or determine the credibility of the witnesses; instead, the court must determine whether evidence in the record supports the commission's decisions.[8]

{¶ 22} Only a decision that is " 'so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice' " is deemed to be against the manifest weight of the evidence.[9] Therefore, if some competent, credible evidence going to all the essential elements of the case supports the commission's decision, the decision must stand,[10] and the court cannot reverse it as being against the manifest weight of the evidence.[11] Nor can the court reverse merely because it would make a different decision based on the evidence, or because reasonable

---

OBR 12, 482 N.E.2d 587; *Hall v. Am. Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 13–14, 42 O.O.2d 6, 233 N.E.2d 582.

5. See, also, *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207.

6. *Perry v. Buckeye Community Servs.* (1988), 48 Ohio App.3d 140, 141, 548 N.E.2d 1308.

7. *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207; *Myers v. Garson* (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; *Brown–Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, 518, 36 O.O. 167, 76 N.E.2d 79; *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 463 N.E.2d 1280, overruled on other grounds by *Galluzzo v. Ohio Bur. of Emp. Servs.* (Nov. 29, 1995), 2d Dist. No. 95–CA–6, 1995 WL 704193.

8. *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207; *Irvine,* 19 Ohio St.3d at 18, 19 OBR 12, 482 N.E.2d 587; *Reef v. Ohio Bur. of Emp. Servs.* (Mar. 1, 1996), 6th Dist. No. WD–95–070, 1996 WL 139487, at *3.

9. *Phillips v. Ohio Bur. of Emp. Servs.* (Aug. 26, 1988), 6th Dist. No. S–88–8, 1988 WL 88787, at *2, quoting 3 Ohio Jurisprudence 2d 817, Appellate Review, Section 819.

10. *Phillips,* 1988 WL 88787, at *1. Accord *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

11. *Angelkovski,* 11 Ohio App.3d at 161, 11 OBR 242, 463 N.E.2d 1280; *Shaffer v. Ohio Unemp. Rev. Comm.,* 11th Dist. No. 2003–A–0126, 2004-Ohio–6956, 2004 WL 2937303, at ¶ 19. Accord *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.

minds could weigh the evidence and arrive at contrary conclusions, or because the commission might reasonably have decided either way.[12]

## 2. UT had just cause to fire Carter only if she was culpable or at fault.

{¶ 23} An employee who is discharged from work "for just cause" is ineligible for unemployment benefits.[13] " 'Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' "[14] However, just-cause determinations in the unemployment compensation context must also be consistent with the legislative purpose that underlies the Unemployment Compensation Act.

{¶ 24} The act exists to enable employees who become and remain involuntarily unemployed, through no fault of their own, to subsist on a reasonably decent level. Thus, the act exists to protect employees from economic forces over which they have no control, not to protect them from themselves. Fault on the employee's part separates him or her from the act's intent and protection.[15]

{¶ 25} Whether or not just cause exists necessarily depends on the factual considerations of each particular case.[16] However, an employer has just cause to fire an employee only when the employee is culpable or at fault, i.e., "[f]ault on behalf of the employee is an essential component of a just cause termination,"[17] and the employer must be reasonable in finding fault in order to terminate the employee for just cause.[18]

{¶ 26} "Unsuitability for a position constitutes fault sufficient to support a just cause termination,"[19] and "[a]n employer may properly find an employee unsuitable for the required work, and thus to be at fault, when: (1) the employee does not perform the required work, (2) the employer made known its

12. *Tzangas,* 73 Ohio St.3d at 697, 653 N.E.2d 1207; *Irvine,* 19 Ohio St.3d at 18, 19 OBR 12, 482 N.E.2d 587; *Angelkovski,* 11 Ohio App.3d at 161, 11 OBR 242, 463 N.E.2d 1280; *Irvine,* 19 Ohio St.3d at 18, 19 OBR 12, 482 N.E.2d 587.

13. R.C. 4141.29(D)(2)(a).

14. *Irvine,* 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587, quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 335 N.E.2d 751.

15. *Tzangas,* 73 Ohio St.3d at 697–698, 653 N.E.2d 1207.

16. *Irvine,* 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587.

17. *Tzangas,* at paragraph two of the syllabus.

18. Id. at 698, 653 N.E.2d 1207.

19. Id. at paragraph three of the syllabus.

expectation of the employee at the time of hiring, (3) the expectations were reasonable, and (4) the requirements of the job did not change substantially since the date of the original hiring for that particular position." [20]

3. **The commission's just-cause decision cannot stand because there is a lack of competent, credible evidence going to all the essential elements of the case.**

{¶ 27} Both ODJFS (in its initial determination) and the director (in his redetermination) cited the *Tzangas* standard for finding an employee unsuitable for the required work, and thus at fault, as follows:

> The claimant was discharged by University of Toledo on 11/14/2005. The employer discharged the claimant because he/she was not able to perform the required work. An individual discharged for this reason may be found at fault and, therefore, discharged for just cause if each of the following conditions has been met: 1. The individual did not perform the required work; 2. The employer made known its expectations of the individual at the time of hire; 3. The expectations were reasonable; and 4. The requirements of the job did not change since the date of hire for that particular position. In this specific case, evidence has not been submitted to establish that the claimant did not perform the required work. Ohio's legal standard that determines if a discharge is without just cause is whether the claimant's acts, omissions, or course of conduct were such that an ordinary person would find the discharge not justifiable. After a review of the facts, this agency finds that the claimant was discharged without just cause under Section 4141.29(D)(2)(a) of the Ohio Revised Code.

{¶ 28} In his brief, the director cites *Tzangas* and *Kiikka v. Admr., Ohio Bur. of Emp. Servs.*[21] for the proposition that "an inability to adequately perform job functions constitutes an unreasonable disregard for the employer's best interest, thereby warranting a just cause discharge."[22] However, the director fails to mention that under *Tzangas*, an employer may not properly find an employee unsuitable for the required work, and thus at fault, unless "(1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of hiring, (3) the expectations were reasonable, *and* (4)

---

20. Id. at paragraph four of the syllabus.

21. (1985) 21 Ohio App.3d 168, 21 OBR 178, 486 N.E.2d 1233.

22. Brief of appellee director of Job and Family Services, filed April 25, 2007, at 7.

the requirements of the job did not change substantially since the date of the original hiring for that particular position."[23]

{¶ 29} Citing Glaze's testimony that the only change that was implemented after she became Carter's supervisor was to the check-cashing procedure and policy[24] and that "pretty much since 2002" Carter had the same amount of duties that she had in November 2005,[25] the director argues that Carter's job responsibilities did not change significantly under Glaze's supervision.[26]

{¶ 30} The director also posits that Carter's argument that her previous adequate performance levels and alleged "change in duties" inherently precludes a finding of a just cause discharge because her actions were not "willful" is misplaced because it reflects a "misguided" reading of the pertinent case law. The director goes on to summarily conclude:

> The record is very clear that Appellant Carter was provided every opportunity to improve her performance so that it reached acceptable levels, and that her continuing unsatisfactory work performance resulted in her just cause termination, as these are not actions that are in the best interests of the employer within the parameters of *Tzangas* and *Kiikka*. Competent evidence exists in the record that supports the decision of the Review Commission. It does not matter whether reasonable minds may differ, as under *Tzangas*, factual conclusions are not a basis upon which the Review Commission may be reversed if credible evidence exists. Therefore, Carter's inability to improve her work performance under the PIP does indeed rise to the level that would warrant her termination by UT for just cause.[27]

{¶ 31} The director points to credible evidence that Carter did not perform the work that Glaze required of her and had substantially the same *amount* of job duties from 2002 until the date of her termination. But the director does not point to any credible evidence that UT made its expectations known to Carter when it hired her as a benefits specialist[28] or that the requirements of Carter's job did not change substantially after her date of hire, as required under *Tzangas*.

---

23. (Emphasis added.) *Tzangas*, at paragraphs three and four of the syllabus.

24. Transcript of Sept. 15, 2006 hearing, at 22.

25. Id. at 53.

26. Director's Brief, at page 7.

27. Id. at 9.

28. The record includes references to Carter's "position description," but the document itself was not introduced into evidence at the hearing.

{¶ 32} Similarly, Pettiford recites the deficiencies in Carter's job performance in considerable detail[29] but does not mention the *Tzangas* standard in the "Law" or "Reasoning" section of her decision. Nor does Pettiford include any reference to UT making its expectations known to Carter when it hired her as a benefits specialist or to the requirements of Carter's job not changing substantially after her date of hire in her findings of fact.

{¶ 33} The court does not find any evidence—competent, credible, or otherwise—from which Pettiford might have concluded that UT made its expectations known to Carter when it hired her or that Carter's job requirements did not change substantially after UT hired her. On the contrary, Glaze admitted that Carter's job duties and priorities changed periodically[30] and that she did not know whether the PIP called for Carter to perform more extensive duties than when she was hired in 2001.[31] And Carter denied that her job remained the same throughout her employment and maintained that her duties and priorities were constantly changing.[32] Thus, Pettiford's conclusions that Carter's failure to improve her performance constitutes sufficient fault and wrongdoing to justify her discharge[33] and that UT discharged Carter for just cause in connection with work[34] are against the manifest weight of the evidence.

{¶ 34} Accordingly, the court vacates Pettiford's decision and reverses the review commission's Decision Disallowing Request for Review, as set forth in the following judgment entry.

## JUDGMENT ENTRY

{¶ 35} It is ordered that the Ohio Unemployment Compensation Review Commission's November 2, 2006 Decision Disallowing Request for Review, from which appellant Wanda D. Carter appeals, is reversed.

{¶ 36} It is further ordered that any order of repayment issued by the director of job and family services pursuant to the review commission's Decision Disallowing Request for Review is vacated.

---

29. Hearing Officer's Decision, mailed September 26, 2006, at 2–3.

30. Transcript, at 60–61.

31. Id. at 74–75.

32. Id. at 107–108; Carter's Response to Fact–Finding Question No. 7.

33. Hearing Officer's Decision, at 3–4.

34. Id. at 4.

{¶ 37} It is further ordered that the decision of Hearing Officer Nadine S. Pettiford, mailed September 26, 2006, is vacated.

{¶ 38} This is a final appealable order.

So ordered.