LAWRENCE, APPELLANT, *v.* LEACH, ADMR., BUREAU OF
UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

(No. 7473—Decided January 14, 1964.)

*Messrs. Waterman, Jaffy, Van Heyde & Taylor*, for appellant.

*Mr. William B. Saxbe*, attorney general, *Mr. Bernard L. Heffernan* and *Mr. Fredric E. Whitker*, for appellee Administrator, Bureau of Unemployment Compensation.

*Messrs. Isaac, Postlewaite, O'Brien & Oman*, for appellee Columbus Dental Manufacturing Company.

TROOP, J.   This appeal is from a judgment of the Common Pleas Court of Franklin County affirming a decision of the Unemployment Compensation Board of Review, which disallowed the application of the claimant, Leila M. Lawrence, to institute a further appeal.   The court found that the decision of the board is not unlawful, unreasonable or against the manifest weight of the evidence.

Claimant had been hired by Columbus Dental Manufacturing Company on June 12, 1956, and was discharged on July 21, 1961.   She filed a claim for unemployment benefits, which was disallowed by the administrator on the ground that claimant

had been discharged for just cause. Other procedural steps followed, and on September 6, 1961, a hearing was held before a referee who also disallowed the claim. The Board of Review denied an application for further appeal, which led to the appeal to the Common Pleas Court.

The appeal to this court is based upon three assignments of error, the synthesis of which is that the board was in error in refusing to allow an appeal from the decision of the referee, which decision is wrong in disallowing benefits to the claimant, it being unlawful, unreasonable and against the manifest weight of the evidence.

Counsel for the claimant address their development of the applicable law and their supporting argument to all three assignments of error. For practical purposes, they are one and will be so treated. A substantial part of the brief of counsel for the claimant is devoted to an anlysis of the unusual employment pattern of the claimant. She was hired in 1956 and fired in 1961, her service had been interrupted by a layoff, and upon being called back she was put to work upon a job and, according to her employer, immediately began to have trouble, a high rate of spoilage being characteristic of her work. In the record, there is no indication of a bad attitude or indifference on the part of the claimant. The difficulty in resolving the evidence was expressed by the referee himself, when he said that "it's a question of her being able to do better work or not doing it or just not being qualified for the job."

The Common Pleas Court held that the record supports the finding of fact made by the referee and adopted by the board. In reaching its conclusion, the Common Pleas Court respected the directions contained in Section 4141.28, Revised Code, and followed its customary position that decisions as to factual matters are peculiarly a function within the province of the referee and the board. The soundness of this position presupposes proper, adequate, and fair hearings by the referee and the board.

This court considered the matter of proper hearings by the referee and board in the case of *Cunningham* v. *The Jerry Spears Co.*, 119 Ohio App., 169. In the opinion in that case, at page 175, is a general proposition, as follows:

"* * * The first opportunity for the claimant or the em-

ployer to obtain a 'hearing' comes before the referee or the board on the so-called 'appeal.' It is at this point that the statute and justice require that the parties be afforded a 'fair hearing.'"

In the *Spears case*, this court was concerned with the proper presentation of evidence in the informal procedures at the hearings by referee and board and called attention to a laxity in the securing of testimony so flagrant as to make it unacceptable in any hearing where the standard of "fair" is to be applied.

We are here confronted with another of the problems recurring in hearings held under administrative agency authority. Counsel for the claimant urges that the hearing before the referee in the instant case was in violation of Board Rule 905.2 and was, therefore, unlawful. Certainly, if the administrative agency itself has established rules to be followed by its own representatives, such rules are the agency's expression of what is regarded as necessary to a fair hearing, and the rules should be respected.

The Attorney General and counsel for the claimant agree that Board Rule 905.2, reads in part, as follows:

"* * * Where a party is not represented by counsel or other agent, the board or referee shall advise said party as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the discharge of the official duties of the board or referee."

An examination of the record of the hearing before the referee shows that the claimant was not represented. The employer was represented by a member of the actuarial firm, Gates McDonald & Company. Nowhere in the record is there a showing that an explanation of the claimant's rights was made by the referee. No assistance in examination or cross-examination of witnesses is shown to have been given the claimant. The remarks addressed to her by the referee were limited to a direction not to interrupt and a comment that the employer did not pay the benefits, held no animosity toward her, and was not fighting payment. Neither of those statements can be regarded as an explanation of her rights.

The position taken by the Attorney General in his brief deserves comment. It is argued that the claimant "did not carry

the burden or produce evidence which furnishes a reasonable basis for sustaining her claim." In the *Spears case, supra*, this court discusses at length the matter of burden. In that case, pertinent observations on the matter of burden are as follows:

"It is apparent that a hearing under the present law is not an adversary proceeding as in judicial actions. In the latter, a burden of proof is imposed, reliance is placed on the adversaries to develop the evidence, and the trier of fact generally does not participate in developing the case. The statute here does away with any burden of proof—at least as used in courts to impose an obligation to proceed. * * * We think it apparent that neither party has any procedural obligation to present its side, nor is either subjected to the judicial requirements of a preponderance of the evidence. * * *"

Since the trier of the facts, the referee in unemployment compensation matters, guides, if he does not control, the development of the evidence, every precaution should be used to produce an entirely "fair" hearing. True, the pressure of a volume of work, the presence of dull or perverse parties and other strains may cause a hearing officer to become perfunctory, or even caustic, in the performance of his duty, but no circumstance can excuse compliance with the board's own rules designed to make the hearing worthy of being denominated "fair."

With the position of the Common Pleas Court as to its review of the facts, we have no difference of opinion. For that position to continue to be tenable requires a fair and adequate hearing at referee or board level. The record in the instant case does not indicate compliance with Board Rule 905.2, and the proceedings were, therefore, unlawful.

The judgment of the Common Pleas Court is reversed, and the cause is remanded to the board for further proceedings.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.