THE STATE, EX REL. CITY OF CINCINNATI,
*v.* OHIO CIVIL RIGHTS COMMISSION.

(No. 81AP-160—Decided August 11, 1981.)

*Mr. Richard A. Castellini,* city solicitor, and *Mr. Ely M. T. Ryder,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Michael A. Esposito,* for respondent.

NORRIS, J. This is an original action in mandamus in which the city of Cincinnati seeks a writ directing the Ohio Civil Rights Commission to issue an order dismissing a complaint charging that the city engaged in unlawful discriminatory practices.

The city had discharged an employee for insubordination and neglect of duty; he then charged his dismissal was in retaliation for his activities in opposing what he believed to be discrimination practiced by the city. On January 22, 1980, following hearings, a hearing examiner issued his written report and recommendation that the complaint be dismissed.

On February 5, 1980, the commission's chief of legal operations, by telephone, granted the complainant leave until March 6, 1980 to file his objections to the report. Complainant claims he sent his objections to the commission on March 5, but the only commission record of the objections is a copy obtained more than a year later by the commission, from the complainant.

On July 21, 1980, the commission approved the hearing examiner's report and authorized the issuance of an order of dismissal of the case. On October 6, 1980, the commission tabled an order to dismiss. The city filed its complaint in mandamus on February 20, 1981, alleging that the commission had breached its legal duty to issue an order of dismissal once it had approved the hearing examiner's report, citing R.C. 4112.05(H), Ohio Adm. Code 4112-3-09(C) and 4112-3-10(C). On April 6, 1981, the commission voted to deny the issuance of the dismissal order and to reopen the hearing to consider additional testimony.

The issue presented is whether the commission has a duty to issue the order.

The commission's own rule provided a method by which the complainant could object to the hearing examiner's report:

"* * * Any party to a hearing * * * shall have the right to submit to the commission, within fifteen days from the date of mailing such written report and recommendation, a written statement of objections to such written report and recommendation, which written statement of objections shall be considered by the commission before approving, modifying or disapproving such recommendation." Ohio Adm. Code 4112-3-09(B).

The commission's chief of legal operations granted the complainant additional time within which to file his objections, even though, as conceded by the commission in argument, there is no rule or

specific order of the commission which authorized him to do so. His action was clearly improper. See *State, ex rel. Valve Casting Co., v. Johnston* (1978), 60 Ohio App. 2d 170 [14 O.O.3d 135]. Accordingly, even if the complainant had in fact mailed his objections on March 5, 1980, the mailing was well beyond the fifteen day limit allowed by the rule.

The dismissal order authorized by the commission on July 21, 1980 was never issued, in spite of the mandatory language of R.C. 4112.05(H), Ohio Adm. Code 4112-3-09(C) and 4112-3-10(C).

"If the commission finds that * * * a respondent has not engaged in any unlawful discriminatory practice against the complainant or others, it shall state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the said complaint as to such respondent. * * *" R.C. 4112.05(H).

"* * * The commission shall consider the written report and recommendation of the person * * * conducting the hearing * * *. The commission may approve, modify or disapprove the recommendation * * * and shall issue its order accordingly." Ohio Adm. Code 4112-3-09(C).

"* * * If upon all the * * * evidence, the commission finds that the respondent has not engaged in any unlawful discriminatory practices against the complainant * * * it shall issue * * * an order dismissing the said complaint as to such respondent." Ohio Adm. Code 4112-3-10(C).

Instead, without adopting an order setting aside its action of July 21, 1980, the commission voted, on April 6, 1981, to reopen the hearing in response to the complainant's tardy objections.

The Ohio Civil Rights Commission is a creation of statute, and like all legislatively-created agencies, can exercise only those powers and jurisdiction as are conferred upon it by the General Assembly. See *Ohio Central Tel. Corp. v. Pub. Util. Comm.* (1957), 166 Ohio St. 180, at 182 [1 O.O.2d 464]; *State, ex rel. Funtash, v. Indus. Comm.* (1951), 154 Ohio St. 497 [43

O.O. 431], paragraph one of the syllabus. In addition, it must conform the conduct of its business to procedures set out in the statutes or in rules adopted by the commission pursuant to statutory grants of authority. See *State, ex rel. Republic Steel Corp., v. Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178 [73 O.O.2d 478]; *State, ex rel. Hannan, v. DeCourcy* (1969), 18 Ohio St. 2d 73 [47 O.O.2d 193]; *Chester Twp. Bd. of Trustees v. Kline* (1969), 19 Ohio App. 2d 63 [48 O.O.2d 125]; *Lawrence v. Leach* (1964), 120 Ohio App. 411 [29 O.O.2d 284].

As can readily be seen, the commission paid little heed to the procedures which governed its activities in this case. While we are aware that the part-time nature of service on respondent commission encourages informality in the conduct of the commission's business, nevertheless members of the public have the right to assume that the commission will comply with its own procedures and conduct its affairs in a business-like fashion. Here, the commission had a duty to do *something*, rather than simply allowing the complaint against the city to hang in limbo subject to the vagaries of some undefined process. The commission will not be permitted to retain indefinitely the ability to reconsider and rework matters pending before it:

"* * * If there is not some point at which the power to modify ends and an order becomes final, it takes little imagination to conjure up the chaos that may result from pressures applied to administrative agencies, particularly as the personnel of those agencies changes." *Diltz v. Crouch* (1962), 173 Ohio St. 367, at 369 [19 O.O.2d 312].

We grant a writ in mandamus and remand this matter to the Ohio Civil Rights Commission, with instructions to issue one of two orders:

1. A final order dismissing the complaint, in accordance with the action taken on July 21, 1980; or

2. An interlocutory procedural order

finding just cause for the late filing of objections by the complainant and permitting the filing of his written objections, setting aside the action taken by the commission on July 21, 1980 (R.C. 4112.05[I]), and holding in abeyance the issuance of a final order until the objections have been considered as provided for in Ohio Adm. Code 4112-3-09(B).

*Judgment accordingly.*

WHITESIDE and REILLY, JJ., concur.