Alberta WALTON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Golden Age Manor Nursing Home; National Health Enterprises, and Ranger Insurance Company, Respondents.

No. 86CA0107.

Colorado Court of Appeals, Div. III.

April 23, 1987.

Vernon P. Playton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Dept. of Labor and Employment, Div. of Labor.

William P. DeMoulin, P.C., Kathleen M. Janski, Denver, for respondents Golden Age Manor Nursing Home, Nat. Health Enterprises, and Ranger Ins. Co.

CRISWELL, Judge.

Claimant, Alberta Walton, seeks review of a final order of the Industrial Commission (Commission) denying vocational rehabilitation benefits and suspending temporary total disability benefits. We affirm.

In February 1981, claimant suffered a compensable back injury. Her employer paid temporary total disability benefits and provided a vocational rehabilitation evaluation. A vocational rehabilitation plan was proposed in October 1983. However, after claimant refused to approve the plan, the vocational rehabilitation counselor recommended closure of the case based on claimant's failure to cooperate.

A hearing on suspension of benefits was held in December 1983. The employer's witness testified and was cross-examined, but because of lack of time, claimant did not have an opportunity to testify. Claimant then indicated she might want to present lay or medical testimony. The Director set another hearing in October 1984. However, no testimony was taken at that time because the new hearing officer assigned to the case had not yet read the evidence presented at the first hearing.

Claimant made no attempt to set a further hearing, insisting that that was the employer's obligation. In May 1985, the hearing officer entered an order denying vocational rehabilitation benefits and suspending temporary total disability compensation. The Commission later affirmed this order.

### I.

On review, claimant first contends that her procedural due process rights were violated when the hearing officer entered the order without claimant's testimony. We disagree.

■ Due process rights may be waived. *T & T Loveland Chinchilla Ranch, Inc. v. Claimants In Re Death of Bourn,* 178 Colo. 65, 495 P.2d 546 (1972); *Hatterman v. Industrial Commission,* 171 Colo. 370, 467 P.2d 820 (1970). To be effective, a waiver must be voluntarily, knowingly, and intelligently made. *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo.1981).

■ Here, claimant made no effort to present her testimony in the seventeen months between the first hearing and the final order. In February 1985, the hearing officer said she would provide claimant an opportunity to testify before issuing the order, and ordered the parties to advise her of the status of the case within ten days. Claimant did not respond within the time set, but some six weeks later wrote that "claimant has not set this matter for hearing as it is not claimant's desire to proceed to hearing, but respondents'." In light of these undisputed facts, we conclude that, by her statements and her express refusal to schedule a hearing upon the matter, claimant effectively waived her opportunity to present her testimony. Hence, she was not denied any right to procedural due process.

### II.

■ Claimant next contends that the new hearing officer erred in relying on a transcript of the first hearing. Claimant argues she was entitled to a *de novo* hearing. We disagree.

■ Due process requires that a hearing officer either read or hear the evidence. *Ski Depot Rentals, Inc. v. Lynch,* 714 P.2d 516 (Colo.App.1985). A hearing officer may read and rely on the transcript of evidence presented before another hearing officer. *See State Compensation Insurance Fund v. Fulkerson,* 680 P.2d 1325 (Colo.App.1984). Accordingly, we perceive no error in the hearing officer's denial of a *de novo* hearing and use of the transcript.

### III.

■ Claimant finally contends that the Commission's findings and conclusions are not supported by the record. We disagree.

If a claimant refuses to submit to vocational rehabilitation, compensation benefits may be reduced or suspended. Section 8–51–110(3), C.R.S. (1986 Repl.Vol. 3B). Here, there was ample evidence that claimant refused to accept the vocational reha-

bilitation services offered to her. The vocational rehabilitation counselor reported that claimant refused to consider returning to work in spite of her doctor's release; she refused to drive to the counselor's office or to take public transportation; she rejected psychological counseling offered to lessen her depression and pain behavior; and she would not participate, to even a minimal degree, in the evaluation and placement process. Under these circumstances, the Commission's findings will not be disturbed on review. *Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

We have examined claimant's other contentions and find them to be without merit.

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.