WRIGHT, APPELLANT, *v.* UNEMPLOYMENT COMPENSATION BOARD OF REVIEW ET AL., APPELLEES.

(No. 4266—Decided July 6, 1988.)

*Brent L. English,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merrill H. Henkin,* for appellee Unemployment Compensation Board of Review.

BAIRD, P.J. This cause came on before the court upon David B. Wright's appeal from the order of the trial court affirming the decision of the Unemployment Compensation Board of Review. We affirm.

David Wright was employed by Pinkerton's, Inc. as a security guard at the rank of sergeant. On February 24, 1986, Wright was told by David Bly, a captain, and William Giesser, a Pinkerton's manager, that he was being reassigned to another location. Wright ultimately refused the reassignment.

On February 24, 1986, Wright filed for unemployment compensation. The application was disallowed; the administrator found that Wright had quit without just cause. Wright's claim was disallowed on reconsideration and he appealed to the Unemployment Compensation Board of Review. After a telephone hearing, the referee modified the determination and found that Wright had been discharged by Pinkerton's for just cause. Wright applied to the Unemployment Compensation

Board of Review for further appeal which was disallowed. On August 22, 1986, Wright appealed to the common pleas court. The court affirmed and found the decision of the Unemployment Compensation Board of Review to be lawful, reasonable, and not against the manifest weight of the evidence. Wright appeals.

## Assignment of Error I

"The trial court committed reversible error by upholding the validity of a telephonic hearing conducted by the Unemployment Compensation Board of Review when there was no constitutional, statutory, or administrative authority for such a hearing."

Wright contends that the telephone hearing conducted by the referee constituted a denial of due process. The appellant correctly asserts that, as the board of review was created by statute, it can exercise only those powers conferred upon it by the legislature. *State, ex rel. Cincinnati,* v. *Ohio Civil Rights Comm.* (1981), 2 Ohio App. 3d 287, 2 OBR 317, 441 N.E. 2d 829, citing *Ohio Central Tel. Corp.* v. *Pub. Util. Comm.* (1957), 166 Ohio St. 180, 182, 1 O.O. 2d 464, 465, 140 N.E. 2d 782, 784. R.C. 4141.06 provides:

"The board shall hear appeals arising from claims for compensation and adopt, amend, or rescind such rules of procedure, undertake such investigations, and take such action required for the hearing and disposition of appeals as it deems necessary and consistent with sections 4141.01 to 4141.46 of the Revised Code. The rules of procedure shall be effective as the board prescribes and shall not be inconsistent with such sections."

Those rules of procedure provide that:

"The Board and Referees shall conduct hearings and other proceedings in a case in such order and manner and shall take any steps consistent with the impartial discharge of their duties which appear reasonable and necessary to ascertain all relevant facts and to render a fair and complete decision on all issues which appear to be presented. To the end that all facts relevant to a fair and complete decision shall be received as directly and simply as possible, the proceedings shall be informal, and the Board and Referees shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The Board or Referee conducting a proceeding may examine the interested parties and other witnesses, and each interested party and his representative shall have all rights of fair hearing, including the right of examination and cross-examination of witnesses, the right to present testimony and other evidence, the right to inspect and examine documents, files, reports and records received in evidence, the right to present testimony and other evidence in explanation and rebuttal, the right to subpoenas for witnesses and documentary evidence and the right to present argument. Where a claimant or employer is not represented by counsel, the Board or Referee conducting the proceeding shall advise such party as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the discharge of the official duties of the Board or Referee." Ohio Adm. Code 4146-7-02.

There exists no statutory or procedural prohibition against telephone hearings. R.C. 4141.28(J) requires that the parties be given a reasonable opportunity for a fair hearing. See *Nordonia Hills Bd. of Edn.* v. *Unemp. Comp. Bd. of Review* (1983), 11 Ohio App. 3d 189, 11 OBR 283, 463 N.E. 2d 1276.

In the case *sub judice,* Wright received a fair hearing. He was

represented by counsel, he was afforded the opportunity to present evidence and witnesses, to cross-examine witnesses and the right to present argument. Wright's sole complaint is that the hearing was conducted on the telephone. We conclude that, under these circumstances, Wright was not denied due process by virtue of the telephone hearing.

Appellant's first assignment of error is not well-taken.

### Assignment of Error II

"The trial court's decision upholding the decision of the Unemployment Compensation Board of Review that appellant was discharged for just cause was erroneous as a matter of law and was otherwise contrary to the manifest weight of the evidence."

Wright contends that the decision of the board of review was against the manifest weight of the evidence. An appellate court, in reviewing a determination of a court of common pleas on manifest weight of the evidence on appeal from the board of review, may reverse only upon a showing that the trial court abused its discretion. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280. The trial court found that the decision of the board of review was lawful, reasonable and not against the manifest weight of the evidence. We find no abuse of discretion. The board of review had determined that Wright was discharged for just cause in that he refused a work assignment, which constituted insubordination. There was evidence before the board that Wright refused reassignment to a new post, a reassignment which did not involve a demotion in rank or reduction in pay. There was evidence that Wright knew that the company policy dictated that refusal of an assignment constituted grounds for termination. Accordingly,

there was competent credible evidence to support a conclusion that the appellant was discharged for just cause. The court's affirmance of the ruling of the board did not constitute an abuse of discretion.

Appellant's second assignment of error is not well-taken; the judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE and CACIOPPO, JJ., concur.