**McCARTHY, Appellee,**

v.

**CONNECTRONICS CORPORATION; Director, Ohio Department
of Job and Family Services, Appellant.**

[Cite as *McCarthy v. Connectronics Corp.*, 183 Ohio App.3d 248, 2009-Ohio-3392.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1293.

Decided July 10, 2009.

Joan M. Torzewski, for appellee.

Richard Cordray, Attorney General, and Eric A. Baum, Managing Attorney, for appellant.

---

Osowik, Judge.

{¶ 1} Appellant, the Director of the Department of Job and Family Services, appeals the judgment of the Lucas County Court of Common Pleas, which overturned a decision of the Unemployment Compensation Review Commission ("UCRC") and reinstated unemployment benefits for appellee, Catherine McCarthy. Because the record supports the UCRC's conclusion that McCarthy's employer, Connectronics Corporation, had just cause to terminate her employment, we reverse.

{¶ 2} McCarthy was employed by Connectronics Corporation as an assembler from March 2001 until October 2006. Her job consisted of building cables according to Connectronics' specifications and guidelines. The guidelines required, inter alia, McCarthy to build the cables in groups instead of individually.

{¶ 3} Over the course of her employment at Connectronics, McCarthy was disciplined on several occasions, both verbally and in writing. The precise number of warnings given to McCarthy remains disputed. During the first four years of her employment at Connectronics, McCarthy was chronically absent from work. She was written up for frequent absenteeism on January 6, 2003. She signed this written warning. From January 2003 to her termination in October 2006, McCarthy had received more than a dozen warnings about absenteeism, including taking too much time for smoking breaks and refusing to work overtime during "crunch time" after committing to do so. Her supervisor, Amy Ricketts, documented these warnings. Ricketts testified that McCarthy refused to sign written warnings after the first warning in January 2003.

{¶ 4} Ricketts testified that she had verbally warned McCarthy about the quality of her work in October 2006. She also testified, and documented, that she had spoken to McCarthy several times prior to the October 2006 incident about building cables in groups according to Connectronics' requirements, and that McCarthy consistently failed to do so. McCarthy disputed this in her testimony. McCarthy maintained that she did not realize Ricketts was disciplining her and characterized Ricketts's documented verbal warnings as casual conversations.

{¶ 5} At some point during the week of October 23, 2006, the general manager of Connectronics, Lex Potter, met with McCarthy and informed her that she was being terminated for excessive absences and failure to follow work instructions.

{¶ 6} McCarthy sought unemployment benefits. After a hearing, a hearing officer with the Ohio Department of Job and Family Services granted the benefits. On review, the UCRC reversed the finding of the hearing officer and

concluded that McCarthy was terminated for just cause, making her ineligible for unemployment benefits under R.C. 4141.01(D)(2). McCarthy appealed the UCRC's decision to the Lucas County Court of Common Pleas. The trial court reversed the UCRC's decision and reinstated the hearing officer's finding of no just cause; the court based its decision on its finding that Ricketts's testimony lacked credibility. From this judgment, the director appeals.

{¶ 7} The director raises the following assignment of error:

{¶ 8} "Where a worker's employment record is marked with 14 instances of discipline for absenteeism, insubordination, and deficient job performance, just cause exists for the employee's termination. The Unemployment Compensation Review Commission's decision denying the unemployment benefits for that reason, therefore, is supported by competent evidence and should be affirmed."

{¶ 9} By statute, the trial court must affirm the UCRC's decision regarding just-cause termination unless it finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.282(H). See also *Geretz v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 89, 2007-Ohio-2941, 868 N.E.2d 669, ¶ 10. Judgments that are supported by some competent evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 10} Courts at all levels reviewing just-cause determinations of the UCRC may not make factual findings or determine the credibility of witnesses. Rather, they must determine whether the board's decision was supported by the evidence in the record. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207. The resolution of purely factual questions is for the UCRC and its officers. *Brown–Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, 518, 36 O.O. 167, 76 N.E.2d 79. " '[T]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision.' " *Tzangas*, 73 Ohio St.3d at 697, 653 N.E.2d 1207, quoting *Irvine v. State Unemp. Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 18, 19 OBR 12, 482 N.E.2d 587. The UCRC must not be reversed on the weight of the evidence if reasonable minds could weigh the evidence and come to contrary conclusions. *Angelkovski v. Buckeye Potato Chips Co., Inc.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 463 N.E.2d 1280, citing *Parker v. Anheuser–Busch, Inc.* (Jan. 28, 1982), 10th Dist. No. 81AP–718, 1982 WL 3957. The UCRC's decision should remain undisturbed on close calls. *Id.*, citing *Charles Livingston & Sons, Inc. v. Constance* (1961), 115 Ohio App. 437, 438, 21 O.O.2d 65, 185 N.E.2d 655.

{¶ 11} When an appellate court reviews the trial court's review of an unemployment-compensation-eligibility decision by the UCRC, it uses the same standard as the lower court. *Carter v. Univ. of Toledo*, 6th Dist. No. L–07–1260, 2008-Ohio-1958, 2008 WL 1837254, ¶ 13. The decision of the UCRC may be reversed only if this court finds that it was unlawful, unreasonable, or against the manifest weight of the evidence. Id. Hence, we focus on the UCRC's decision rather than the trial court's. Id., citing *Barilla v. Dir., Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 02CA008012, 2002-Ohio-5425, 2002 WL 31255747, ¶ 6. In doing so, all reasonable presumptions must be made in favor of the UCRC's ruling and findings of fact. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350. Additionally, the appellate court should examine the employee's entire employment history to review a determination of just cause. *Case W. Res. Univ. v. Ohio Bur. of Emp. Servs.* (Jan. 17, 2002), 8th Dist. No. 79189, 2002 WL 63699, *3.

{¶ 12} We review, therefore, (1) whether the trial court incorrectly assessed the evidence when concluding that Connectronics had no just cause for termination and (2) whether the UCRC's ruling is supported by the record.

{¶ 13} An employee is not eligible for unemployment benefits if she was terminated for just cause. R.C. 4141.29(D)(2)(a). "Just cause" is "conduct that would lead a person of ordinary intelligence to conclude the surrounding circumstances justified the employee's discharge." *Carter v. Univ. of Toledo*, 6th Dist. No. L–07–1260, 2008-Ohio-1958, 2008 WL 1837254, ¶ 10. An employee's conduct need not rise to the level of misconduct for there to be just cause, but there must be some fault by the employee. *Angelkovski*, 11 Ohio App.3d at 162, 11 OBR 242, 463 N.E.2d 1280. See also *Tzangas*, 73 Ohio St.3d at 698, 653 N.E.2d 1207.

{¶ 14} Under Ohio law, excessive absenteeism and tardiness can be the basis for a just-cause discharge. *Mohawk Tools v. Admr., Ohio Bur. of Emp. Servs.* (Mar. 14, 1986), 6th Dist. No. WMS–85–15, 1986 WL 3251. Similarly, refusal of a work assignment may constitute just cause. *Wright v. Unemp. Comp. Bd. of Rev.* (1988), 51 Ohio App.3d 45, 47, 554 N.E.2d 137. Insubordination can constitute just cause even in the absence of employer testimony. *Milyo v. Bd. of Rev., Ohio Bur. of Emp. Servs.* (July 30, 1992), 8th Dist. No. 60841, 1992 WL 181686. Unsuitability may also constitute just cause if (1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of hiring, (3) the job expectations were reasonable, and (4) the requirements of the job did not change substantially since the date of the original hiring for that particular position. *Tzangas*, 73 Ohio St.3d at 698–699, 653 N.E.2d 1207.

{¶ 15} In reversing the UCRC's decision, the trial court focused exclusively on the four-pronged test set out in *Tzangas*. The *Tzangas* test is for determining unsuitability (i.e., the inability to perform one's job); this is not the only criteria that can constitute just cause. Unsuitability for a position constitutes fault by the employee, as *Tzangas* made clear, but unsuitability is not the only way of proving fault.

{¶ 16} The UCRC found that McCarthy was insubordinate. In doing so, it found Ricketts's testimony to be credible. Instead of deferring to this determination, the trial court agreed with the hearing officer's finding that Ricketts was not a credible witness. However, the trial court should have deferred to the UCRC's findings and should not have substituted its judgment on factual questions or issues of credibility. *Irvine v. State Unemp. Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 18, 19 OBR 12, 482 N.E.2d 587.

{¶ 17} The trial court also mistakenly concluded that the October 27 report was the only evidence showing a problem with McCarthy's work. The record also includes a "nonconforming material report" indicating that at least three parts had to be scrapped. This is evidence of McCarthy's failure to build the product as required by the company and supports the UCRC's conclusion.

{¶ 18} In just-cause determinations, what matters is not whether the employee technically violated some company rule, but whether the employee, by her actions, demonstrated an unreasonable disregard for her employer's best interest. *Kiikka v. Admr., Ohio Bur. of Emp. Servs.* (1985), 21 Ohio App.3d 168, 168, 21 OBR 178, 486 N.E.2d 1233. The record contains many documented written and verbal warnings for insubordination and excessive absenteeism, thus supporting the UCRC's determination that McCarthy consistently disregarded Connectronics' best interest.

{¶ 19} The fact that Ricketts's testimony was imprecise was considered by the UCRC upon its full review of the record. In finding that "the facts establish [McCarthy] was insubordinate in failing to perform the work as directed," the UCRC did not regard the employer's testimony as lacking credibility. In its findings of fact, the UCRC found that "[t]he claimant, who apparently preferred to build cables one unit at a time, was counseled and warned concerning her failure to follow the production standards and procedures." The UCRC found Ricketts's testimony a reliable foundation on which to base its decision.

{¶ 20} The trial court reversed the UCRC at least partly because it found Ricketts's testimony lacked credibility. This task, however, was within the UCRC's purview. To reverse, the trial court must have found the UCRC's decision to be against the manifest weight of the evidence. The trial court should have looked beyond *Tzangas* and focused on the record it was given to determine

whether the UCRC's findings were factually supported. See *Irvine*, 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587 ("The duty or authority of the courts is to determine whether the decision of the [UCRC] is supported by the evidence in the record"). Therefore, the court erred in reversing the decision.

{¶ 21} Upon review of the evidence adduced, we conclude that the UCRC's ruling was supported by competent, credible evidence and is not against the manifest weight of the evidence. Accordingly, appellant's assignment of error is well taken. The judgment of the Lucas County Court of Common Pleas is reversed, and the ruling of the UCRC is hereby reinstated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

PIETRYKOWSKI and SINGER, JJ., concur.