[Cite as *Hale v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-775.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARY S. HALE | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00087 |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                            Pleas, Case No. 2010 CV 02711

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     February 27, 2012

APPEARANCES:

For Plaintiff-Appellant

KATHLEEN O. TATARSKY
236 Third Street, SW
Suite 100 Carnegie Building
Canton, Ohio 44702

For Defendant-Appellee ODJFS

SUSAN M. SHEFFIELD
ASSISTANT ATTORNEY GENERAL
20 West Federal Street, 3rd Floor
Youngstown, Ohio 44503

For Defendant-Apellee Windsor

SCOTT P. SANDROCK
BRENNAN, MANNA & DIAMOND
75 East Market Street
Akron, Ohio 44308

*Wise, J.*

{¶ 1} Appellant Mary S. Hale appeals the decision of the Court of Common Pleas, Stark County, which affirmed a decision of the Ohio Unemployment Compensation Review Commission denying unemployment benefits to appellant, a licensed practical nurse ("LPN"). The appellees herein are the Ohio Department of Job and Family Services ("ODJFS") and Windsor Medical Center, appellant's former employer. The relevant procedural facts leading to this appeal are as follows.

{¶ 2} Appellant commenced employment as an LPN at Windsor Medical Center, a skilled residential nursing facility, in July 2004. Part of her duties included taking telephone orders from physicians for medications prescribed for patients in Windsor's assisted living unit. On September 14, 2009, appellant took a telephone order from a physician for the drug Roxanol. She properly recorded the physician's order of 5 mg sublingual every four to six hours as needed for pain. Appellant then duly called the prescription into the pharmacy.

{¶ 3} However, when appellant proceeded to "chart" the information, via a software program, on the patient's nursing care plan, she incorrectly entered 5 "ml" instead of 5 "mg." The charge nurse, Karen Ball, discovered appellant's entry error and confronted her about it. Appellant initially indicated her belief that the "ml" and "mg" entries were equivalent.

{¶ 4} On September 21, 2009, appellant was terminated from her position with Windsor.

{¶ 5} Appellant thereafter applied for unemployment benefits. On October 13, 2009, the ODJFS Director issued an initial determination that appellant had been

discharged with just cause, thus disallowing her application for benefits. Appellant filed for redetermination; however, the Director affirmed the original decision on November 5, 2009.

{¶ 6} Appellant thereupon appealed to the Unemployment Compensation Review Commission. A hearing officer conducted telephonic hearings on April 14, 2010 and May 3, 2010. On or about May 10, 2010, the hearing officer issued a decision affirming the Director's redetermination decision that appellant was ineligible for unemployment benefits.

{¶ 7} On June 1, 2010, appellant timely requested further review by the Review Commission. On June 30, 2010, the claim was again disallowed.

{¶ 8} Appellant then filed an administrative appeal to the Stark County Court of Common Pleas. On March 15, 2011, the trial court issued a four-page decision affirming the Review Commission's decision.

{¶ 9} On April 14, 2011, appellant filed a notice of appeal to this Court. She herein raises the following two Assignments of Error:

{¶ 10} "I. THE TRIAL COURT ERRED IN FINDING THAT THE REVIEW COMMISSION'S DECISION WAS SUPPORTED BY COMPETENT CREDIBLE EVIDENCE AND WAS NOT UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. A HEARING OFFICER WHO MAKES A CREDIBILITY DETERMINATION BASED ON A TELEPHONE HEARING IS NOT IN THE BEST POSITION TO JUDGE THE CREDIBILITY OF WITNESSES.

{¶ 11} "II.   THE REVIEW COMMISSION ERRED AS MATTER OF LAW IN FINDING THAT HALE VIOLATED ANY STATE LAW AND THE TRIAL COURT'S FINDING THAT THE HEARING OFFICER'S FINDING WAS LAWFUL IS IN ERROR."

I., II.

{¶ 12} In her First and Second Assignments of Error, appellant contends the trial court erred in finding that the Review Commission's decision was supported by the evidence and was not unlawful, unreasonable, or against the manifest weight of the evidence. We disagree.

{¶ 13} Generally, when reviewing a trial court's determination regarding whether the order of an administrative agency is supported by the evidence, the appellate court determines only whether the trial court abused its discretion. See *Rossford Exempted Village School District Bd. of Educ. v. State Bd. of Educ.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240.

{¶ 14} However, the process of filing applications for determination of benefit rights and claims for unemployment compensation benefits with the ODJFS Director is set forth in R.C. 4141.28. As a reviewing court, we may reverse an unemployment board determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Administrator* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus. While appellate courts are not permitted to make factual findings, or to determine the credibility of witnesses, they have the duty to determine whether the board's decision is supported by the evidence in the record. *Id.* at 696, 653 N.E.2d 1207. The same standard of review is shared by all reviewing courts, from the common pleas court through the Ohio Supreme Court. *Id.*

Therefore, the duty of this court is to review the decision of the Review Commission to determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. *Cardani v. Olsten Home Health Care* (March 22, 1999), Tuscarawas App. No.1998AP110118, unreported. As a reviewing court, we may neither substitute our judgment for that of the Commission on questions of fact nor reassess the credibility of the witnesses. *Kilgore v. Bd. of Rev., Bur. of Unemp. Comp.* (1965), 2 Ohio App.2d 69, 72, 206 N.E.2d 423.

{¶ 15} In the case sub judice, it is undisputed that Windsor did not implement the "progressive discipline policy" set forth in its personnel manual. It is further undisputed that appellant's data entry error was discovered prior to any mistaken dosages actually being given to the patient in question. Thus, appellant points out, Windsor's own system of checks and balances for dispensing medication caught the data error, which appellant had never committed previously in her employment there.

{¶ 16} Appellees ODJFS and Windsor both respond that in addition to the progressive discipline policy, the Windsor personnel manual provided that some severe infractions allow for immediate dismissal without warning. One such infraction is an action in violation of federal, state, or local law. Appellee directs us to O.A.C. 3701-17-59, which states in pertinent part:

{¶ 17} " ***

{¶ 18} "(G) Medication shall be administered in accordance with accepted standards of practice to a resident in a residential care facility only by the following persons authorized by law to administer medication:

{¶ 19} " ***

{¶ 20} "(2) A licensed practical nurse holding proof of successful completion of a course in medication administration approved by the Ohio board of nursing ***.

{¶ 21} "(H) Residential care facilities that administer medication shall comply with all of the following:

{¶ 22} " ***

{¶ 23} "(2) All medications shall be given only to the individual resident for whom they are prescribed, given in accordance with the directions on the prescription or the physician's or other authorized prescriber's orders, and recorded on the resident's medication record required by paragraph (I)(7) of this rule. ***."

{¶ 24} In the case sub judice, as noted previously, appellant did not actually administer or give the erroneous medication dosage to the patient; the error was caught by the charge nurse prior to such time. Thus, we initially conclude that no basis would have existed to fire appellant for a violation of the above law set forth in the Ohio Administrative Code.

{¶ 25} However, appellee further responds that under R.C. 4141.29(D)(2)(a), no individual may receive benefits if that individual "has been discharged for just cause in connection with the individual's work." In *Irvine v. State of Ohio Unemployment Compensation Bd. of Review* (1985), 19 Ohio St.3d 15, 17, the Ohio Supreme Court defined "just cause" as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Thus, the issue before us focuses on whether Windsor's decision to terminate appellant from her LPN position was justified under such standard.

{¶ 26} The record indicates that the Roxanol medication at issue came in a liquid form, with 20 milligrams of morphine medication in every milliliter. Thus, if the resident would have been given the amount of medication which appellant transcribed, i.e., 5 ml., the resident would have received 100 mg. of morphine, or 20 times the prescribed amount. Given the resident's age and weight, per a pharmacist's report introduced at the hearing, such a dose, without intervention, would be potentially lethal. See Tr. 1, at 25; Appendix 1, Exhibit E. As we noted in our recitation of facts, when appellant was confronted by her charge nurse about the incident, she at first stated that the "mg" and "ml" measurements were synonymous for this medication, not realizing the magnitude of the error.

{¶ 27} While we recognize this was a single incident by appellant, upon review, we are unable to conclude that the decision of the Review Commission, and the trial court in affirming same, was unlawful, unreasonable, or against the manifest weight of the evidence.

{¶ 28} Appellant adds to her argument that her telephonic hearing before the review commission hearing officer calls into question the officer's ability to properly determine credibility. We note various OAC provisions allow telephonic hearings (see, e.g., OAC 4146-5-05), and appellant provides no case law authority clearly supporting her position. In fact, telephonic hearings have been specifically determined not to be a denial of due process. See *Wright v. Unemployment Compensation Bd. of Review* (1988), 51 Ohio App.3d 45. Furthermore, in the case sub judice, in a notification sent to the parties on December 14, 2009, the Review Commission notified the parties that an in-person hearing could be requested. Appellant did not take advantage of said notice,

nor was a specific objection made to the use of a telephonic hearing during the proceeding. As such, we find appellant's claim in this regard to be waived for purposes of appeal.

{¶ 29} Appellant's First and Second Assignments of Error are overruled.

{¶ 30} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Edwards, J., concur.


_____

_____

_____

                                    JUDGES

JWW/d 0129

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MARY S. HALE                                    :
                                                :
    Plaintiff-Appellant                      :
                                                :
-vs-                                            :            JUDGMENT ENTRY
                                                :
OHIO DEPARTMENT OF JOB AND                      :
FAMILY SERVICES, et al.                         :
                                                :
    Defendants-Appellees                     :            Case No. 2011 CA 00087


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

                                                  JUDGES