Kennedy, J.,
concurring in judgment only.
{¶ 33} I concur only in the majority’s judgment affirming the decision of the Board of Tax Appeals (“BTA”). I write separately to express concern about the cavalier attitude of appellee, the tax commissioner, in failing to meet the case- *137 management deadline established in Ohio Adm.Code 5717 — 1—07(A)(3)(f) and about the BTA’s failure to ensure that its procedural rules are enforced.
{¶ 34} Reasonable procedural rules adopted pursuant to statutory authority have the “force and effect” of law. Lyden Co. v. Tracy, 76 Ohio St.3d 66, 69, 666 N.E.2d 556 (1996). “Certainly, if the administrative agency itself has established rules to be followed by its own representatives, such rules are the agency’s expression of what is regarded as necessary to a fair hearing, and the rules should be respected.” (Emphasis added.) Lawrence v. Leach, 120 Ohio App. 411, 413, 202 N.E.2d 703 (10th Dist.1964).
{¶ 35} The General Assembly afforded the BTA the power to “[a]dopt and promulgate” and the duty to enforce “all rules relating to the procedure of the board in hearing appeals it has the authority or duty to hear.” R.C. 5703.02(D). In accordance with R.C. 5703.02(D), the BTA promulgated Ohio Adm.Code 5717-1-16(1), which states that “[e]ach party shall provide copies of the documentary exhibits it plans to offer into evidence * * * to all parties consistent with the period set forth in the applicable case management schedule.” (Emphasis added.) For appeals in which a hearing is scheduled, an appellee “shall disclose to all other parties the witnesses and evidence upon which it relies not more than two hundred ten days after the filing of the appeal.” (Emphasis added.) Ohio Adm.Code 5717-l-07(A)(3)(f). This court construes the word “may” as permissive and the word “shall” as mandatory unless there appears a clear and unequivocal intent that these words receive a construction other than their ordinary usage. Dorrian v. Scioto Conservancy Dist., 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus; see also State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19, citing Dorrian at paragraph one of the syllabus (applying this principle of statutory interpretation to a rule of criminal procedure).
{¶ 36} The BTA’s use of the word “shall” in the above procedural rules reflects its clear and unequivocal intent to require that evidence be disclosed to the opposing party within the specified time period. To conclude that the language of these provisions is permissive would render the disclosure requirement meaningless.
{¶ 37} Appellants, Robert G. and Leslie R. Krehnbrink, filed their appeal in the BTA on July 25, 2012. Therefore, the tax commissioner was required by Ohio Adm.Code 5717-l-07(A)(3)(f) to disclose his evidence to appellants within the next 210 days, or by February 20, 2013. At the BTA hearing on November 13, 2013, the tax commissioner introduced exhibits B, D, and E, which, on their face, reveal that they were not provided to the Krehnbrinks by February 20, 2013.
{¶ 38} The tax commissioner does not deny failing to disclose exhibits B, D, and E to the Krehnbrinks within the time period established by Ohio Adm.Code *138 5717-l-07(A)(3)(f). Instead, the tax commissioner asserts that the Krehnbrinks did not raise an objection and “never expressed * * * concern” after reviewing the exhibits at the hearing. Perhaps pro se litigants are not as savvy as an assistant attorney general representing the tax commissioner, but they should not be required to be.
Robert G. Krehnbrink, pro se.
Michael DeWine, Attorney General, and Sophia Hussain, Assistant Attorney General, for appellee.
{¶ 39} The procedural rules established in the Ohio Administrative Code, consistent with the grant of authority by the General Assembly, are to ensure that opposing parties are litigating on a level playing field. “Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.” Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Discovery rules “prevent unfair surprise and the secreting of evidence by ensuring the free flow of information.” Weckel v. Cole & Russell Architects, 2013-Ohio-2718, 994 N.E.2d 885, ¶ 24 (1st Dist.). All litigants, especially pro se litigants like the Krehnbrinks, are entitled to have these rules complied with and enforced.
{¶ 40} While it is clear that the BTA did not rely on exhibits B, D, and E in rendering its decision, in my view, the tax commissioner and the BTA shirked their respective legal obligations as outlined above. “No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it.” United States v. Lee, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882).
{¶ 41} Accordingly, I concur in judgment only.